1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SABRINA KENDALL,

                    Plaintiff,

          v.

WASHINGTON DEPARTMENT OF
CORRECTIONS, et al.,

                    Defendants.

Case No. 21-5502-LK-TLF

PRETRIAL SCHEDULING ORDER

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Defendants have now filed an answer to Plaintiff's Complaint. Accordingly, the Court hereby establishes the following pretrial schedule:

(1) Discovery

All discovery shall be completed by **May 20, 2022**. Service of responses to interrogatories and to requests to produce, and the taking of depositions, shall be completed by this date. Federal Rule of Civil Procedure 33(a) requires answers or objections to be served within thirty (30) days after service of the interrogatories. The serving party, therefore, must serve his/her discovery requests at least thirty (30) days before the deadline in order to allow the other party time to answer. Discovery requests must be served directly on the opposing party's counsel by mail.

PRETRIAL SCHEDULING ORDER - 1

1        (2) Motion to Compel to Discovery

2        Any motion to compel discovery shall be filed not later than **June 3, 2022**. Before

3    filing a discovery motion, the parties must confer and attempt to resolve their differences.

4    A good faith effort to confer with a party or person not making a disclosure or discovery

5    requires a face-to-face meeting or a telephone conference.  If unable to resolve their

6    differences, the party filing the discovery motion must, either within the motion to compel

7    or in a separate affidavit attached to the motion to compel, list the date, manner, and

8    participants to the conference.  If the moving party fails to include such a certification, the

9    court may deny the motion without addressing the merits of the dispute.  *See* Fed. R. Civ.

10   P. 37 and LCR 37(a)(1).

11       The motion to compel must: (1) list the matters on which the parties were unable to

12   agree; (2) identify the nature and relevance of the documents and materials sought; (3)

13   list the reason(s) why the mandatory initial disclosures were inadequate; and, (4) explain

14   why the discovery sought is proportional to the needs of the case, considering the

15   importance of the issues at stake in the action, the amount in controversy, the parties'

16   relative access to relevant information, the parties' resources, the importance of the

17   discovery in resolving the issues, and whether the burden or expense of the proposed

18   discovery outweighs its likely benefit.

19       (3) Dispositive Motions

20       Any dispositive motion shall be filed and served by **June 17, 2022**. Pursuant to

21   LCR 7(b), any argument being offered in support of a motion shall be submitted as a part

22   of the motion itself and not in a separate document. The motion shall include in its caption

23   (immediately below the title of the motion) a designation of the date the motion is to be

24

25

PRETRIAL SCHEDULING ORDER - 2

1   noted for consideration upon the Court's motion calendar. Dispositive motions shall be

2   noted for consideration on a date no earlier than the fourth Friday following filing and

3   service of the motion.

4          All briefs and affidavits in opposition to any motion shall be filed and served

5   pursuant to the requirements of Rule 7 of the Federal Rules of Civil Procedure and LCR

6   7. The party making a motion may file and serve a reply to the opposing party's briefs and

7   affidavits.  Any reply brief shall also be filed and served pursuant to the requirements of

8   Rule 7 of the Federal Rules of Civil Procedure and LCR 7.

9          Defendants are reminded that they **MUST** serve a *Rand* notice, in a separate

10  document, concurrently with motions to dismiss and motions for summary judgment so

11  that *pro se* plaintiffs will have fair, timely and adequate notice of what is required of them

12  in order to oppose those motions.  *Woods v. Carey*, 684 F.3d 934, 941 (9th Cir. 2012).

13  The Ninth Circuit has set forth model language for such notices:

14          A motion for summary judgment under Rule 56 of the Federal Rules of Civil
            Procedure will, if granted, end your case.

15

16          Rule 56 tells you what you must do in order to oppose a motion for summary
            judgment.  Generally, summary judgment must be granted when there is no
            genuine issue of material fact – that is, if there is no real dispute about any

17          fact that would affect the result of your case, the party who asked for
            summary judgment is entitled to judgment as a matter of law, which will end

18          your case.  When a party you are suing makes a motion for summary
            judgment that is properly supported by declarations (or other sworn

19          testimony), you cannot simply rely on what your complaint says.  Instead,
            **you must set out specific facts in declarations, depositions, answers to**

20          **interrogatories, or authenticated documents, as provided in Rule 56(e),**
            **that contradict the facts shown in the defendant's declarations and**

21          **documents and show that there is a genuine issue of material fact for**
            **trial.  If you do not submit your own evidence in opposition, summary**

22          **judgment, if appropriate, may be entered against you.  If summary**
            **judgment is granted, your case will be dismissed and there will be no**

23          **trial.**

24

25

PRETRIAL SCHEDULING ORDER - 3

1  *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (emphasis added).  Defendants who

2  fail to file and serve the required *Rand* notice on the plaintiff(s) may have their motion

3  stricken from the Court's calendar with leave to re-file.

4          (4) Trial, Joint Pretrial Statement, and Expert Disclosures

5          A trial date and deadlines for serving expert disclosures and filing a Joint Pretrial

6  Statement may be established at a later date pending the outcome of any dispositive

7  motions.

8          (5) Proof of Service and Sanctions

9          All motions, pretrial statements, and other filings shall be accompanied by proof

10  that such documents have been served upon counsel for the opposing party or upon any

11  party acting *pro se*.  The proof of service shall show the day and manner of service and

12  may be by written acknowledgment of service, by certificate of a member of the bar of this

13  Court, by affidavit of the person who served the papers, or by any other proof satisfactory

14  to the Court.  Prisoners subject to the Court's Mandatory E-Filing Project may comply with

15  this requirement by certifying as to the date the document(s) is handed to the law librarian

16  for scanning.  Failure to comply with the provisions of the Order can result in

17  dismissal/default judgment or other appropriate sanctions.

18          (6) Extensions

19          The deadlines contained in this Order are firm and will not be extended by the

20  Court except upon application to the Court with a showing of good cause.

21          (7) Address

22          The parties are to promptly update the Court with any change of address or other

23  contact information.

24

25

PRETRIAL SCHEDULING ORDER - 4

1        (8) Instructions to Clerk

2        The Clerk of Court is directed to send a copy of this Order to plaintiff and to

3   counsel for defendants.

4        Dated this 21st day of January, 2022.

5

6

7                                                    _Theresa L. Fricke_

8                                          Theresa L. Fricke
                                           United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

PRETRIAL SCHEDULING ORDER - 5